Dear Mr. Tureau:
We are in receipt of your request for an Attorney General's opinion regarding a future vacancy in the office of Parish Council in Ascension Parish. As we understand, the Parish of Ascension recently elected to convert to a Home Rule Charter type of government, which shall become effective the first Monday after January 1, 1994. (Art. X, Sec. 10-01, Ascension Parish Home Rule Charter) It is also our understanding that the Ascension Parish Home Rule Charter contains transitional provisions for the present police jurors to be retained as the parish officers, namely council members. The home rule charter has been submitted and approved by the United States Department of Justice, pursuant to 42 U.S.C. § 1973(c).
The police jurors have called a meeting on the effective date of the charter, January 3, 1994, at which time Mr. Tommy Martinez intends to resign as a police juror/council member. Mr. Martinez is the Parish President-elect of the Ascension Parish Council. The council members will, at that time, call an election for the "earliest date authorized by law" as provided for in their charter to fill Mr. Martinez's vacancy. You understand that the earliest possible date provided for by law is March 26, 1994. The parish police jury, soon to be the parish council, has asked the following question:
 Whether or not the provision of LSA-R.S. 18:402(E)(1) is met, namely `A special primary election shall be held on the first of the following days that is not less than twelve (12) weeks after the date on which the proclamation calling the special election was issued . . .'?
Our response to your question is in the negative. It is our opinion that if the parish council meets on the effective date of the charter, January 3, 1994, and calls a special election to fill the vacancy at issue in this matter for March 26, 1994, the council would fail to comply with the twelve week requirement of LSA-R.S. 18:402(E)(1).
The Ascension Parish Charter provides for vacancies as follows:
 A. Any vacancy on the governing authority shall be filled within thirty (30) days by appointment by at least a majority vote of the remaining members, excluding the president. If the unexpired portion of the term is more than one (1) year, the vacancies shall be filled by special election called by the governing body within sixty (60) days after the vacancy occurs and held at the earliest date authorized by law . . . (Emphasis added.)
The earliest date authorized by law in this particular matter is October 1, 1994 (primary) and November 8, 1994 (general). (LSA-R.S. 18:402(E)(1)(b) and (2)(b).)
As you are aware, once the Ascension Parish Home Rule Charter becomes effective on January 3, 1994, LSA-R.S. 18:602(G) exempts the parish council from certain provisions in the Louisiana Election Code on the filling of vacancies. However, even if Mr. Martinez were to resign prior to January 3, 1994, when R.S.18:602 would be applicable in this matter, and the police jury were to call the special election, the election date would be the same (October 1, 1994 and November 8, 1994), in accordance with R.S. 18:602(E)(2).
It has been and remains the opinion of this office that there shall be at least twelve weeks between the date of the resolution calling the special election and the date of the primary election. (Atty. Gen. Op. No. 87-120) Therefore, even if the parish council meets on the effective date of the charter, January 3, 1994, and issues a resolution calling a special election to fill the vacancy in the office of parish council, the twelfth week falls on March 28, 1994, which is two days short of the twelve week requirement for the spring election date. Please see the provisions for enjoining an election which is improperly called, LSA-R.S. 18:402(E)(3).
Should you have further inquiries in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb/0042u
Enclosure
xc: Mr. Robert Poche, Registrar